BAR ASSOCIATION OF GREATER CLEVELAND *v.* KLESS.

[Cite as Bar Assn. of Greater Cleveland *v.* Kless (1985), 17 Ohio St. 3d 21.]

(D.D. No. 84-53—Decided April 24, 1985.)

*Richard M. Cerrezin, William Sexton* and *Byron D. Fair,* for relator.

*Per Curiam.* Upon careful review and consideration of the evidence, this court concurs in the finding of the board that respondent violated DR 1-102(A)(4) and DR 7-101(A)(3) of the Code of Professional Responsibility, and concurs in the recommendation that respondent be suspended from the practice of law for one year.

It is the judgment of this court that respondent be suspended from the practice of law for one year.

*Judgment accordingly.*

SWEENEY, HOLMES, C. BROWN and DOUGLAS, JJ., concur.

CELEBREZZE, C.J., LOCHER and WRIGHT, JJ., dissent.

LOCHER, J., dissenting. The platitude "careful review and consideration of the evidence" should not be a license to derogate our responsibility to enforce the Code of Professional Responsibility.

Respondent's unpenitent course of conduct arguably violates DR 6-101(A)(3), failing to act competently by neglecting an entrusted legal matter, and DR 1-102(A)(6), engaging in conduct that adversely reflects on his fitness to practice law. These are in addition to the two violations found by the board.

Respondent has not offered a single excuse or mitigating factor to account for his behavior. Respondent's employer, the city of Cleveland, however, has been severely prejudiced by judgments against it for hundreds of thousands of dollars. Respondent admits to having knowingly misrepresented the status of cases entrusted to him and to having knowingly violated his limited authority to enter into settlement agreements. He admits his failure to notify his superiors of a contempt judgment entered against the city in another case. In spite of these admissions respondent herein will only receive a one-year suspension.

This matter involves a palpably clear and continuing pattern of malpractice. By ordering only a one-year suspension, this court offers no deterrent to curtail similar future abuses.

There is no evidence to suggest that respondent will be any more competent to handle legal affairs in a year than he was when he committed these offenses. Because respondent has not offered a single reason or excuse for his actions, this court has no understanding of why respondent engaged in his course of conduct. Absent this understanding, we can only presume he will repeat this conduct when the suspension is lifted in a year.

Under these circumstances, at the *very least,* proof of competence should be required before allowing respondent to return to practice. This burden of proof would rightfully be placed upon respondent by an indefinite suspension but not under the sanction imposed today.

The acts committed by respondent fall well within the ambit of conduct calling for indefinite suspension. This is highlighted by several of our most recent cases.

In *Clermont Cty. Bar Assn.* v. *Meeker* (1984), 14 Ohio St. 3d 21, we stated at 23: "Respondent's failure to make an appearance at any stage of these proceedings not only thwarts the investigation into professional misconduct but evidences an apathetic and cavalier attitude toward his professional and ethical responsibilities. We are mindful that Gov. Bar R. V(7) requires that respondent be indefinitely suspended in light of his previous sanction. Nevertheless, in our view respondent's conduct would warrant *an indefinite suspension in any event.*" (Emphasis added.)

Similarly, respondent herein, although notified of his hearing, did not attend, and did not respond to the panel until telephoned by a Supreme Court secretary, fifteen minutes after the scheduled commencement of the hearing, whereupon respondent stated he did not intend to be present. This evidence of "an apathetic and cavalier attitude" is directly on point with *Meeker* and warrants more than a one-year suspension.

In *Disciplinary Counsel* v. *Shaw* (1984), 15 Ohio St. 3d 125, an at-

torney misappropriated $4,600 from a client's estate. The money was repaid with interest and respondent offered evidence in mitigation of his behavior. Given these circumstances, this court imposed an indefinite suspension. In the instant case respondent has effectively prejudiced his client for hundreds of thousands of dollars which, in all probability, will never be repaid. Moreover, no mitigating evidence has been presented to ameliorate respondent's betrayal of his fiduciary responsibility as an assistant law director to the city of Cleveland.

The present case is distinguishable from cases like *Cincinnati Bar Assn.* v. *Marble* (1984), 15 Ohio St. 3d 394, where a failure to adequately represent a client, file motions and an appeal, and notify a client of a judgment against it resulted in a one-year suspension. In *Marble* the respondent was guilty, at worst, of nonfeasance in not adequately representing a client. In the instant case respondent's conduct is admitted malfeasance — conduct respondent knew was damaging and prejudicial to his employer which required an affirmative act to implement and which was, in fact, implemented.

I feel that the disciplinary process in this state would best be served by the imposition of an indefinite suspension in this matter which was the original recommendation of the disciplinary panel. Accordingly, I dissent.

CELEBREZZE, C.J., and WRIGHT, J., concur in the foregoing dissenting opinion.

WRIGHT, J., dissenting. I concur wholeheartedly in Justice Locher's dissent. The imposition of a one-year suspension is completely at odds with the relevant precedent before us. In this case there was an enormous loss occasioned upon the taxpayers, gross malpractice, and, in my view, a failure on the part of this court to enforce the Code of Professional Responsibility.

Thus, I dissent.